

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00047-CR

_____

MILTON EDWARD GRIGGS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1401075

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Milton Edward Griggs was convicted of failure to identify and sentenced to 300 days' confinement in the Hunt County Jail. Following Griggs' conviction, he exercised his right to appeal, and an attorney was appointed to represent him on appeal. Griggs' appointed appellate counsel recently filed a brief citing *Anders v. California*, 386 U.S. 738 (1967), claiming to have found no meritorious grounds upon which to challenge Griggs' conviction and sentence.

Under *Anders* and its progeny, Griggs has a constitutional right to review the appellate record and to file a pro se response to his attorney's *Anders* brief. *See id.* at 745; *see also Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Griggs has indicated his desire to file a pro se response, but has been unable to access a law library for the purpose of conducting the legal research necessary to file such a response.

In support of his constitutional right to file a pro se response, Griggs requested Hunt County Jail officials to provide him access to a law library for the purpose of conducting legal research. According to Griggs, that request was denied. Consequently, Griggs filed a motion with this Court requesting access to a law library.

This Court is ultimately responsible for ensuring that Griggs' constitutional rights under *Anders* and its progeny are protected. In furtherance of that responsibility and in an effort to work with the Hunt County Jail, we asked the Clerk of our Court to contact Hunt County Jail officials to determine if the Hunt County Jail maintained a law library. Our intent was to determine whether there was a means of conducting legal research in or around the Hunt County Jail and, if so, whether jail officials would voluntarily assist us in affording Griggs his constitutionally guaranteed

2

rights. Unfortunately, our discussions with Hunt County Jail Administrator Jerry Stevens proved unproductive. Administrator Stevens stated that the Hunt County Jail does not have a law library and that it does not grant its prisoners access to the Hunt County Law library.[1]

We recognize that the Hunt County Jail must maintain a set of procedures in order to assure the safety of both its staff and its inmates, and our intent is not to affect the safe and efficient operation of this institution. That said, we are confident that jail officials can make appropriate arrangements to enable Griggs to conduct the legal research needed in order to file his pro se response. We, therefore, order the officials of the Hunt County Jail to coordinate with officials of the Hunt County Law Library to determine the best means and manner of providing Griggs no more than three four-hour legal research sessions. We further order the officials of the Hunt County Jail to take all necessary steps to enable Griggs to conduct the mandated legal research, including the provision of access to a computer or a computer terminal for such purpose, or if necessary, to transport Griggs to and from the Hunt County Law Library for the purpose of conducting these legal research sessions. These legal research sessions must be completed on or before Friday, May 22, 2015. We will not dictate precisely how this must be accomplished, only that it must.

Hunt County Jail officials must comply with the dictates of this order on or before May 22, 2015. Finally, upon completion of the mandated legal research sessions, we order jail officials to inform this Court of the exact dates on which Griggs was given the opportunity to conduct legal

---

[1] We also contacted representatives of the Hunt County Law Library, who informed us that there are two terminals equipped with Westlaw in the Hunt County Law Library that are available for general use.

3

research in the Hunt County Law Library, and to notify the Court whether Griggs availed himself of those opportunities.

IT IS SO ORDERED.


BY THE COURT

Date:   April 28, 2015